**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ROBERT R. JAMES,** | : |
| **Plaintiff,** | : |
| v. | :    No. 5:20-cv-00167-MTT-CHW |
| **WILLIAM A. FEARS,** | : |
| **ANTHONY CODWELL,** | : |
| **ARTIST SINGLETARY,** | : |
| **JONATHAN ADAMS,** | : |
| **TIMOTHY C. WARD,**[1] | : |
| **Defendants.** | : |
| _____ | : |

**ORDER**

Plaintiff Robert R. James, a prisoner currently confined in Wheeler Correctional Facility, filed a complaint on March 17, 2020 seeking relief under 42 U.S.C. § 1983. ECF No. 1. The United States Magistrate Judge reviewed the complaint and found that Plaintiff failed to state a claim upon which relief could be granted. ECF No. 14. The deficiencies in the original complaint were noted and Plaintiff was permitted to file a recast complaint. *Id.* Plaintiff was also granted leave to proceed in forma pauperis. *Id.* Plaintiff filed his recast complaint on August 26, 2020. ECF No. 15.

Because Plaintiff has failed to state a claim upon which relief may be granted, his

---

[1] Plaintiff was informed that his recast complaint would take the place of his original complaint. ECF No. 14. In his recast, Plaintiff does not name Butts County, Georgia as the Defendant, but rather, he names William A. Fears, Anthony Codwell, Artist Singleton, Jonathon Adams, and Timothy C. Ward as Defendants. ECF No. 15 at 1, 3. The Clerk's office is **DIRECTED** to terminate Butts County as the Defendant and is **DIRECTED** to show William A. Fears, Anthony Codwell, Artist Singleton, Jonathon Adams, and Timothy C. Ward as Defendants as named in Plaintiff's recast complaint. *Id.*

complaint is **DISMISSED WITHOUT PREJUDICE.**

I.      Preliminary Review of Plaintiff's Complaint

   A. Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro

se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.     Plaintiff's §1983 claims against Defendants William A. Fears and Jonathan Adams

Plaintiff states that Superior Court Judge William A. Fears and District Attorney Jonathan Adams violated he Eighth and Fourteenth Amendments when they refused to "drop charges and release" Plaintiff. [2]  ECF No. 15 at 4.  Plaintiff seeks money damages

---

[2] In the Magistrate Judge's July 29, 2020 Order, Plaintiff was specifically informed that *Heck v. Humphrey*, 512 U.S. 477 (1994) barred litigants from seeking damages for an allegedly unlawful conviction and subsequent confinement unless the conviction has been overturned. ECF No. 14 at 5-6. Plaintiff was further informed that the appropriate cause of action for contesting his conviction or sentence was a petition for writ of habeas corpus and not a § 1983 action. *Id*.

and to be released from incarceration. *Id.* at 5.

Release from custody is not a remedy that is available in a 42 U.S.C. § 1983 action. *Preiser v. Rodriquez*, 411 U.S. 475, 389, 489, 499 n.14 (1973). To the extent that Plaintiff seeks damages, his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 486. If a favorable judgment would render a conviction or sentence invalid, the claim is not cognizable under § 1983 and must be dismissed unless the conviction or sentence has been invalidated. *Id.*

The Eleventh Circuit has explained that "as long as it is possible that a [section] 1983 suit would not negate the underlying conviction, then the suit is not *Heck*-barred." *Dyer v. Lee*, 488 F.3d 876, 879-880 (11th Cir. 2007). On the other hand, where success in a § 1983 suit "would necessarily negate one of the elements of the underlying offense; under those circumstances a conviction would not stand, as a matter of law," and the suit would be barred under *Heck*. *Id.* at 880.

According to Plaintiff, the Judge presiding over proceedings violated Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments. ECF 15 at 5. Success on these claims would necessarily imply the invalidity of Plaintiff's conviction or sentence. *See e.g. Trupei v. United States.*, 304 F. App'x 776, 784 (11th Cir. 2008) (per curiam) (claims *Heck*-barred where plaintiff's challenged his conviction though an overall contention that he was improperly indicted, tried, and convicted); *Cobb v. Florida.*, 293 F. App'x 708, 709 (11th Cir. 2008) (finding due process challenge to probation revocation

proceedings barred by *Heck*).

Only after Plaintiff's "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254" may Plaintiff recover damages in a § 1983 action. *Heck*, 512 U.S. at 487. It is clear from Plaintiff's complaint that he remains confined pursuant to the proceedings he challenges and his conviction or sentence has not been invalidated or otherwise been called into question through appropriate proceedings. Therefore, this claim must be dismissed under *Heck*. *Id.*

Judge William Fears and District Attorney Jonathan Adams, who were involved in Plaintiff's conviction proceedings, are also entitled to judicial and prosecutorial immunity from suit. "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in 'complete absence of all jurisdiction.'" *Allen v. Fla.*, 458 F. App'x 841, 843 (11th Cir. 2012) (per curiam) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)). "Immunity applies even when the judge's acts are in error, malicious, or in excess of his or her jurisdiction." *Id.* (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985) (per curiam) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

In this case, Plaintiff complains that Judge Fears inappropriately refused to dismiss his charges and release him. ECF No. 15 at 4. The acts of which Plaintiff complains constitute judicial acts normally performed by a judge in his or her judicial capacity.

Defendant Fears is, therefore, entitled to judicial immunity.

Plaintiff refers to Defendant Adams as "the District Attorney which is handling Butts County legal cases." *Id.* Plaintiff complains that "Adams and those under him… refuse[d] to drop charges and release" Plaintiff. *Id.* Because these actions stem from the prosecutor's function as advocate, Defendant Adams is entitled to immunity.

A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Likewise, prosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution. *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (quoting *Imbler v. Pachtman*, 424 U.S. 409 (1976)). Such absolute immunity extends to a prosecutor's "acts undertaken ... in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* (citing *Buckley at 273)*; *See also Mastroianni v. Bowers*, 173 F.3d 1363 (11th Cir.1999).

### III. Plaintiff's §1983 claims against Defendants Artist Singletary and Timothy Ward

Plaintiff states that in June 2019, he was placed in disinfected/sterilized cell. Plaintiff complains that the cell was "unfit for human living at all" and that "the way the cell smelled and the condition of the cell was inhumane." ECF No. 15 at 9. Plaintiff states his placement in that cell was due to an incident in the dorm related to gang members and Plaintiff had not participated in that incident (as validated by video, a sergeant, and a lieutenant). *Id*. Plaintiff complains he was still held in "the heat of segregation…after being told he was no longer a suspect." *Id*.

Plaintiff was later released from segregation and transferred by bus to Wheeler Correctional Facility. *Id*. at 9-10. During the transfer, the bus he was on overheated and broke down "in the heat of the sweltering summer." *Id*. at 10. Officers on the transport detail had loaded firearms and live ammunition "that we all know as human beings if overheated to a certain degree can be fairly dangerous to the lives of anybody who may operate such ammunition." *Id*. After hours, Plaintiff states he, as well as other inmates, were removed from the original transport bus onto a secondary bus and taken to Wheeler Correctional Facility. *Id*. In his allegations, Plaintiff makes no mention of Artis Singletary other than stating that he was the warden at the time of these alleged incidents. *Id*. at 9.

In Plaintiff's entire recast complaint, he makes no other statements of facts as to Timothy Ward other than Ward is "currently the Commissioner over Georgia Department of Corrections and Georgia Department of Corrections is over all prisons in the State of Georgia." *Id*. at 4-5. Plaintiff states that "while incarcerated in Georgia's Prison System, Plaintiff … has experienced violations of his [Eighth] and [Fourteenth] [A]mendment rights, cruel and unusual punishment and due process." *Id*. at 5.

Supervisory officials, such as Singletary and Ward, are not liable under § 1983 on the basis of respondeat superior or supervisory liability. Wardens and Commissioners are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010). Nowhere in Plaintiff's recast complaint is there any allegation that would plausibly support an inference that Singletary or Ward had any direct or indirect involvement in the alleged incidents

about which Plaintiff complains.

### IV. Plaintiff's § 1983 claims against Anthony Codwell

In 2015, Plaintiff asserts that he was taken from his housing unit in general population and was placed in segregation for no apparent reason. ECF No. 15 at 5. After being so confined for approximately 14 days, Plaintiff questioned Defendant Codwell, the warden at the time, why he was being held in segregation. *Id.* According to Plaintiff, neither Codwell nor other "rank[ing]" staff knew why he was in segregation. *Id.* Plaintiff states that approximately one week later, he again asked Codwell about his detention in segregation. *Id.* Plaintiff maintains that Codwell questioned others regarding why Plaintiff was being held in segregation. According to Plaintiff, when Codwell failed to receive a "valid reason" from those he questioned, he "instructed his staff to release [Plaintiff] back to general population right then". *Id.*

Plaintiff was once again placed in segregation confinement in 2016. *Id.* at 7. Plaintiff states that his segregation placement was for no valid reason and lasted from the first week of December 2016 until the second week of January 2017. *Id.* Plaintiff alleges that during this time, Defendant Codwell verbally abused him. *Id.*

Plaintiff knew by January 2017 of every act by Defendant Codwell which he now asserts violated his constitutional rights and a plethora of other "human rights". *Id.* at 5-8. Yet, he did not initiate this suit until March 2020. ECF No. 1. The statute of limitations for a 42 U.S.C. § 1983 action is the forum state's statute of limitations for personal injury. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Georgia's two-year statute of limitations applies. *Lovett v. Ray*, 327 F.3d 1181, 1128 (11th Cir. 2003). The

statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996). Here, the latest that the statute of limitations began to run was January 2017. More than three years passed before Plaintiff filed his suit in March 2020. Assuming claims such as those the Plaintiff attempts to bring under 42 U.S.C. § 1983 existed, such claims are barred by the two-year statute of limitations. Thus, his action is time barred and must be dismissed. *See Clark v. State of Georgia Pardons and Paroles Bd.,* 915 F.2d 636 (11th Cir.1990) (affirmative defenses, such as a statute of limitations defense, apparent on the face of the complaint justifies dismissal under 28 U .S.C. § 1915(d)); *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (claims filed after the expirations of the statute of limitations are time-barred).

### V.     Conclusion

Pursuant to the above, Plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 14th day of October, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT